UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KEVIN JARMAN,                                    Index No.:

                         Plaintiff,            **COMPLAINT**

      -against-

THE CITY OF NEW YORK, SERGEANT CLAUDIO
RAMIREZ AND OFFICER HENRY SERRANO
                                             **JURY DEMAND**

Defendants.
-------------------------------------------------------------------X



CV 12-5592 KUNTZ, J.

      Plaintiff Kevin Jarman, by his Attorneys. OFODILE & ASSOCIATES. P.C. complaining of the Defendants, the City of New York, Sergeant Ramirez, and Officer Henry Serrano, alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action at law to redress assault and battery, false arrest, false imprisonment, and malicious prosecution in violation of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff as a result of the intentional, malicious and reckless acts of the City of New York, through some of its Police Officers. The Court also has supplemental jurisdiction over Plaintiff's claims brought under Article 1, Section 12 of the New York State Constitution for violation of his State constitutional rights against unreasonable searches and seizures.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Kings, which is within the Eastern District of New York.

## PARTIES

4. At all times relevant and material to the facts of this case, Plaintiff resided in Brooklyn, New York, within the jurisdiction of this Court.

5. At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual Defendants and is liable under the common law agency and/or respondent superior rule for the actions of the individual Defendants complained of herein.

6. At all times relevant and material to this case, Defendants, Sergeant Ramirez and Officer Henry Serrano, were employees of the City of New York, employed in its Police Department, and upon information and belief, worked in the 75th Precinct, in Brooklyn, New York.

## FULFILMENT OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York within ninety days of the happening of the events mentioned herein, attended his scheduled 50H hearing, and at least 30 days has elapsed from the date of the 50H hearing without the City of

New York settling said claims.

## FACTUAL ALLEGATIONS

8.  On May 1, 2012, at approximately 8:45 p.m., the Plaintiff left his house to buy something at the corner store.

9.  As he was walking to the store, a dark blue minivan with tinted windows drove up and stopped and two Police Officers (Sergeant Ramirez and Officer Serrano) stepped out and accosted the Plaintiff, near the store at Blake and Fountain Streets in Brooklyn, New York.

10. Sergeant Ramirez asked the Plaintiff where he was coming from. The Plaintiff responded that he was coming from his house and asked whether there was a problem.

11. Sergeant Ramirez then asked the Plaintiff whether he was sure that he was not coming out of a building and gave an address (the Plaintiff does not remember the address that Sergeant Ramirez mentioned).

12. The Plaintiff told Sergeant Ramirez that he did not even know that address and that he was just coming out of his house.

13. Sergeant Ramirez then asked the Plaintiff whether he had anything he should not have and the Plaintiff responded that he did not, that he was just going to the store to buy something.

14. Sergeant Ramirez began to search the Plaintiff even though it was clear that the Plaintiff did not have anything in his hands. The Officers saw the Plaintiff's open palms before beginning to search him.

15. Sergeant Ramirez, without asking the Plaintiff whether he would agree to be searched, began to aggressively search the Plaintiff. The search was conducted against Plaintiff's will.

3

16. While searching the Plaintiff, Sergeant Ramirez grabbed the Plaintiff's penis and scrotum and felt him up.

17. After that, Sergeant Ramirez asked the Plaintiff whether he had anything in his butt cheeks and the Plaintiff stated no. Sergeant Ramirez then grabbed his buttocks and felt his butt cheeks while searching him.

18. The Plaintiff was greatly humiliated and traumatized and was totally powerless and helpless and at the mercy of Sergeant Ramirez, who was clearly abusing the power of his office.

19. After searching the Plaintiff's body, Sergeant Ramirez asked the Plaintiff if he had anything in his mouth and the Plaintiff responded that he did not. Sergeant Ramirez then asked the Plaintiff to open his mouth and the Plaintiff obliged.

20. Sergeant Ramirez also asked the Plaintiff to lift his tongue. The Plaintiff had his false teeth on and lifting his tongue with the false teeth attachment was uncomfortable.

21. With the two Police Officers watching the Plaintiff, he used his fingers to remove the false teeth and then lifted his tongue as instructed by the Police Officers. After the Police Officers were satisfied that he had nothing in his mouth, while still watching him, he put back his false teeth.

22. Sergeant Ramirez then asked the Plaintiff: "What is it that you have just but in your mouth?" The Plaintiff responded: "My false teeth that you just watched remove, you saw that I did not have anything in my mouth, I just put back my false teeth."

23. Sergeant Ramirez then comically said: "You swallowed it. Turn around buddy." He then handcuffed the Plaintiff who was then taken to the Precinct and processed. From the Precinct, he was transferred to Central Booking and again processed.

4

24.     In the evening of May 2, 2012, the Plaintiff was in Court to see a Judge, when a Police Office called his name and walked him past the Court without the Plaintiff seeing the Judge and told him that his case had been dismissed. The Plaintiff had been charged with a felony of drug possession by the Officers.

25.     The Plaintiff was and is still traumatized as a result of his ordeal.

26.     As a result of the violations of Plaintiff's common law and constitutional rights alleged herein, Plaintiff has suffered from serious mental and emotional injuries and continues to suffer mentally and emotionally.

27.     The actions of the individual Defendants were callous, wanton, premeditated, done intentionally and knowingly to deprive Plaintiff of his constitutional rights and Plaintiff is entitled to substantial punitive damages against each of the Defendants.

## FIRST CAUSE OF ACTION

28.     Plaintiff repeats and realleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29.     Plaintiff was arrested by the individual Defendants without probable cause to believe that he had committed a crime in violation of his Fourth and Fourteenth Amendment rights not to be arrested without probable cause, thus; the Defendants are liable to Plaintiff for damages pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

30.     Plaintiff repeats and realleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. Plaintiff was arrested by the individual Defendants without probable cause to believe that he had committed a crime, thus; the Defendants are liable to Plaintiff for damages pursuant to Article 1 §12 of the New York State Constitution.

## THIRD CAUSE OF ACTION

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33. Plaintiff was arrested by the individual Defendants without probable cause to believe that he had committed a crime in violation of Plaintiff's common law rights to be free from false arrest.

## FOURTH CAUSE OF ACTION

34. Plaintiff repeats and realleges paragraphs 1 through 33 as if each paragraph is repeated verbatim herein.

34. Plaintiff was charged by the individual Defendants with felony possession of drugs. The charges filed against Plaintiff were all dismissed in Plaintiff's favor.

35. When the individual Defendants charged Plaintiff with the crime, they did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual bases for those charges in violation of Plaintiff's constitutional rights to be free from malicious prosecution as guaranteed by the federal constitution.

## FIFTH CAUSE OF ACTION

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37. Plaintiff was charged by the individual Defendants with felony possession of drugs. The charges filed against Plaintiff were all dismissed in Plaintiff's favor.

38. When the individual Defendants charged Plaintiff with the crime, they did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual bases for those charges in violation of Plaintiff's constitutional rights to be free from malicious prosecution as guaranteed by the state constitution.

## SIXTH CAUSE OF ACTION

39. Plaintiff repeats and realleges paragraphs 1 through 38 as if each paragraph is repeated verbatim herein.

40. Plaintiff was charged by the individual Defendants with felony possession of drugs. The charges filed against Plaintiff were all dismissed in Plaintiff's favor.

41. When the individual Defendants charged Plaintiff with the crime, they did so maliciously and without probable cause to believe that the crimes would be successfully prosecuted as there were no factual bases for those charges in violation of Plaintiff's common law rights to be free from malicious prosecution.

## SEVENTH CAUSE OF ACTION

42. Plaintiff repeats and realleges paragraphs 1 through 41 as if each paragraph is repeated verbatim herein.

43. By searching the Plaintiff even though it was clear that the Plaintiff did not have anything in his hands and by aggressively searching the Plaintiff without asking the Plaintiff whether he would agree to be searched, the Defendants subjected the Plaintiff to unreasonable searches and seizure in violation of the Fourth Amendment.

7

## EIGHT CAUSE OF ACTION

44. Plaintiff repeats and realleges paragraphs 1 through 43 as if each paragraph is repeated verbatim herein.

45. By searching the Plaintiff even though it was clear that the Plaintiff did not have anything in his hands and by aggressively searching the Plaintiff without asking the Plaintiff whether he would agree to be searched, the Defendants subjected the Plaintiff to unreasonable searches and seizure in violation of Article 1 §12 of the New York State Constitution.

## NINTH CAUSE OF ACTION

46. Plaintiff repeats and realleges paragraphs 1 through 45 as if each paragraph is repeated verbatim herein.

47. By grabbing the Plaintiff's penis and scrotum, feeling up the Plaintiff, grabbing his buttocks and feeling his butt cheeks while searching him, the Defendants subjected the Plaintiff to unreasonable searches and seizure in violation of the Fourth Amendment.

## TENTH CAUSE OF ACTION

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if each paragraph is repeated verbatim herein.

49. By grabbing the Plaintiff's penis and scrotum, feeling up the Plaintiff, grabbing his buttocks and feeling his butt cheeks while searching him, the Defendants subjected the Plaintiff to unreasonable searches and seizure in violation of Article 1 §12 of the New York State Constitution.

## ELEVENTH CAUSE OF ACTION

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if each paragraph is repeated verbatim herein.

51. By grabbing the Plaintiff's penis and scrotum, feeling up the Plaintiff, grabbing his buttocks and feeling his butt cheeks while searching him, the Defendants assaulted the Plaintiff in violation of the Plaintiff's common law rights.

### TWELFTH CAUSE OF ACTION

52. Plaintiff repeats and realleges paragraphs 1 through 51 as if each paragraph is repeated verbatim herein.

53. At all times relevant and material to this case, Defendant City of New York was and still is the employer of the individual Defendants in this case and the Defendants acted as agents of the City of New York and the City of New York is therefore responsible for the actions of the Defendants alleged herein, which were in violation of Plaintiff's common law rights under the agency doctrine and/or respondent superior rule and for the violation of Article 1, §12 of the New York State Constitution which makes the City responsible for the actions of its agents/servants when they violate Article 1, §12 of the New York State Constitution.

**WHEREFORE**, Plaintiff prays for judgment awarding him:

1. As against the individual Defendants for violation of his federal constitutional rights, jointly and severally:

    i. general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical

distress, against all Defendants, jointly and severally;

  ii. punitive damages in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  iii. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

  iv. such other relief as the Court deems just and proper.

2. As against the individual Defendants and the City of New York for violation of Article 1 § 12 of New York State Constitution, jointly and severally:

  i. general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

  ii. punitive damages (against the individual Defendants only) in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  iii. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

  iv. such other relief as the Court deems just and proper.

3. As against the individual Defendants and the City of New York for violation of Plaintiff's common law rights:

  i. general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his emotional, mental, and physical

distress, against all Defendants, jointly and severally;

  ii. lost earnings and lost opportunities to earn income, in amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

  iii. punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  iv. the costs and disbursements of this action – against all Defendants, jointly and severally; and

  v. such other relief as the Court deems just and proper.


Dated: Brooklyn, N.Y.
   November 12, 2012

By:     OFODILE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

Anthony C. Ofodile, Esq.
Franciscus L. Diaba, Esq.
498 Atlantic Avenue
Brooklyn, New York 11217
Tel. No.: (718) 852-8300